IN THE MATTER OF ANDREW D. SOLOMON, AN
ATTORNEY AT LAW.

Submitted March 28, 1988—Decided April 8, 1988.

*David E. Johnson, Jr.,* Director, Office of Attorney Ethics,
for the complainant.

*Steven S. Radin* for the respondent (*Sills, Cummis, Zucker-
man, Radin, Tischman, Epstein, and Gross,* attorneys).

PER CURIAM.

The Office of Attorney Ethics moved before the Disciplinary
Review Board for the imposition of final discipline on respon-
dent pursuant to *Rule* 1:20–6(b)(2)(i).   The motion was based on
respondent's plea of guilty to one count of conspiracy to de-
fraud the United States, contrary to 18 *U.S.C.A.* § 371.   The
plea was entered in the United States District Court for the

Southern District of New York. Respondent was sentenced to a probationary term of one year, a fine of $10,000, and 250 hours of community service, which he has served at the Legal Aid Society of New York.

Pursuant to *Rule* 1:20–6(a)(1), respondent was temporarily suspended from the practice of law in New Jersey on July 1, 1986.

The Disciplinary Review Board has recommended the imposition of a two-year suspension from the practice of law, retroactive to the date of respondent's temporary suspension. The Office of Attorney Ethics concurs in the recommendation.

Because this is the first time that we have addressed the problem of disciplining attorneys for committing fraud on unknown and perhaps unidentifiable victims, we shall concur in the discipline recommended by the Disciplinary Review Board. But we caution the Bar that such conduct manifests an indifference to the essence of the character that we have deemed essential to the licensure of every member of the Bar. See *In re Application of Matthews*, 94 *N.J.* 59 (1983). In the future, such conduct will result in a lengthy suspension or disbarment.

Respondent is hereby suspended from the practice of law for a period of two years, retroactive to July 1, 1986, effective immediately and until the further Order of the Court. He is directed to reimburse the Ethics Financial Committee for appropriate administrative costs incurred in the prosecution of this matter.

So Ordered.

## ORDER

It is ORDERED that ANDREW D. SOLOMON of LIVINGSTON, who was admitted to the bar of this State in 1985, be suspended from the practice of law for a period of two years, effective immediately, retroactive to July 1, 1986, and until the further order of this Court; and it is further

ORDERED that ANDREW D. SOLOMON reimburse the Ethics Financial Committee for appropriate administrative costs; and it is further

ORDERED that ANDREW D. SOLOMON continue to be restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that ANDREW D. SOLOMON continue to his compliance with Administrative Guideline Number 23 of the Office of Attorney Ethics dealing with suspended attorneys.

WITNESS, the Honorable Robert N. Wilentz, Chief Justice, at Trenton, this 8th day of April, 1988.

*For suspension*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.